THOMAS R. HANLEY *& a. v.* WINTHROP WADLEIGH *& a.*

*Frederic E. St. Cyr* (by brief and orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the defendants.

ALLEN, C. J. The statute (P. L., *c.* 299, *s.* 18) enacts that the probate court "may appoint an administrator upon the estate of a person who has left his home, and has not been heard of or from, directly or indirectly, for one year and whom he believes to be dead, . . .; but no distribution of his estate shall be made until five years" after the appointment. The act, including another section of it relating to notice, is entitled Administration on Estate of Person Not Heard of. The original statute (Laws 1872, *c.* 22) was entitled an act relating to the appointment of administrators to protect and care for property in certain cases.

The statute is in some respects anomalous. The requirement of the court's belief in the death of the owner of the estate administered before appointing an administrator is not in complete harmony with the purpose of the statute indicated by its title and by the postponement of distribution of the estate for five years after the appointment. But the requirement of the belief of death is positive. It is not meaningless or surplusage. It is a stated condition. The law is not one for administering an estate of an absentee regarded as living, but provides for administration upon an estate of one believed to be dead. No appointment can be made without the belief, and the inference is clearly to be drawn that the act contemplates that the estate is to be regarded as that of a decedent, with finality as to the finding of death postponed in respect to distribution. To construe the statute as designed to provide for administration upon the estates of absentees as alive would produce the singular narrowness of application to cases where the absentees were believed to be dead.

The appointment depends upon the belief, and the belief implies a finding of the fact believed. The act did not authorize the belief as an optional matter of conjecture with allowance of arbitrary action, but in effect provided that if the circumstances of the departure and

absence reasonably led to the inference of death, the inference might be adopted, and if it were adopted, the appointment was to follow.

It would be a strange and confusing situation if the appointee might act contrary to the court's belief, without which the appointment cannot be made. In obtaining the appointment the petitioner must present evidence to induce the belief of death. The validity of the grant of the petition depending upon the belief, the appointee's right to defy the belief is to be denied. It would be a right by virtue of an appointment which could not be made if the right were recognized. No purpose of the legislature to permit such a situation is to be ascribed to it, however inept the language it has used. If conduct not believed to be capable of being authorized may be authorized, the departure from reason and consistency is too great to construe legislation as leading to such a result if any other construction is possible. It is too shocking to plain sense and simple justice.

An administrator of the estate of an absentee, if the legislation provided for one, would normally acquire no title by his appointment. At most he would represent the absentee with authority to defend, preserve and liquidate the estate, under the principle by which an administrator of a decedent's estate has authority. Barred from claiming that he represents an absentee, the defendant has only the standing of a stranger in respect to the life estate.

Even if the appointment and the findings on which it rests were regarded as having the attributes of *res adjudicata* with *in rem* force, the statutory purpose not to establish finality to the finding of death of the missing person serves to show the limited scope in consequences of such a judgment as is involved in the appointment. The finding of death is provisional and tentative, and has no universal application.

While the administrator must, for the present, act upon the assumption that the life estate terminated as of the date of his appointment, the plaintiffs may not regard the death to be established. Being neither parties nor privies to the probate proceedings in which the life tenant's death was found, the finding is not *res adjudicata* as to them, and they therefore may not avail themselves of it either for their benefit or against the defendants. *Lord* v. *Locke*, 62 N. H. 566; *Sweeney* v. *Young*, 82 N. H. 159, 161; *Holland* v. *Company*, 83 N. H. 482, 488. So far as relates to their title, the probate court's belief, and consequent finding, of the life tenant's death is therefore of no effect in determining its termination. The belief bars the defendant from action contrary to it. But if the life tenant should return or his death after his departure should be proved in point of

time, the plaintiffs would be accountable for their use and occupation of the property during any of the term of the life estate. The finding of the absentee's death is not *res adjudicata* as to him. *Scott* v. *McNeal*, 154 U. S. 34; *Jochumsen* v. *Bank*, 85 Mass. 87, 96; *Devlin* v. *Commonwealth*, 101 Pa. St. 273; *Stevenson* v. *Montgomery*, 263 Ill. 93.

The conclusion is that the defendants are not entitled to the present possession of the property. Any possession now held by them is wrongful. The defendant administrator stands in the position of a stranger, and has no interest whatever in the property in respect to rights of ownership or possession.

As to the plaintiffs, they are entitled to present protection of their remainder interest. While the absentee has not lost title by abandonment (*Glynn* v. *Maxfield*, 75 N. H. 482, 484; *New England & Co.* v. *Wood*, 81 N. H. 124), yet his abandonment amounts to waste. "The preservation of the capital, without expense to the remainder-man" (*Peirce* v. *Burroughs*, 58 N. H. 302, 304) is as much his duty as his right. And "Waste of the remainder may be permissive as well as aggressive." *Ib.*, 304. Broadly, any acts or omissions of the life tenant which are prejudicial to the remainder interest constitute waste. It is waste not to make needed repairs and maintain the property. *Wilson* v. *Edmonds*, 24 N. H. 517, 545; *Peirce* v. *Burroughs, supra*, 304. Also, neglect of the duty to pay taxes and interest on the mortgage is an injury to the remainder in the nature of waste. For waste the common law gives the remainderman a right of action for damages and possibly a right of forfeiture, while the statute (P. L., c. 317, s. 1) affirms the jurisdiction of equity over the subject. While the plaintiffs have in strictness no present possessory right under the facts disclosed, they may obtain, through suit against the absentee with service upon him by publication (P. L., c. 332, ss. 8, 9), or through suit against others who may by action or threat prejudice their remainder interest, such relief as will compensate them for injury done and protect them against further injury. The incidental authority of equity to administer the life estate so that the remainder interest will not suffer, is available. As an alternative proceeding, they may petition for partition in a suit against the absentee. P. L., c. 354, s. 1. In any proceedings an agent appointed by the court to represent the absentee will avoid any *ex parte* character of them, and they will be of an *in rem* nature relating to the property rather than *in personam* against the absentee.

Furthermore, if after the life tenant's departure the plaintiffs were

in actual possession of the property, they were rightfully so as against the defendants and are entitled to relief against interference with that possession. While possession was maintained, the right to it existed against everyone except the life tenant.

The fact that the property is mortgaged and the mortgage debt is in default has not been argued. It is not perceived to have any bearing on the issues between the parties.

Answer to the other questions transferred can be of no service in disposing of the case, in view of the construction of the considered statute which has been adopted. Accordingly no decision upon them is made.

The bill alleges conduct of the defendants injuriously affecting the ownership interest of the plaintiffs in the property. In this respect it may be maintained, if not also in respect to possession.

*Case discharged.*

All concurred.